**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : | Consolidated Under MDL DOCKET NO. 875 |
| This Order Relates to: | : | E.D. Pa. Case Nos. |
| DESTASIO v. A-C PRODUCTS LIABILITY TRUST, et al. | : | 11-cv-31250 |
| SCHINDLER v. FOSTER WHEELER CO., et al. | : | 11-cv-33911 |
| DILBERT v. KEYSTONE SHIPPING CO., et al. | : | 11-cv-33924 |

FILED
NOV 09 2015
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

**M E M O R A N D U M**

**EDUARDO C. ROBRENO, J.** **NOVEMBER 6, 2015**

Presently before the Court are three "Motion[s] For Summary Judgment of Shipowner Defendants Represented by Thompson Hine LLP (Suit Commenced By Deceased Person Is a Nullity)" (11-cv-31250 ECF. No. 99; 11-cv-33911 ECF. No. 38; and 11-cv-33924 ECF. No. 37). In these motions, the Defendants contend that the three cases captioned above should be dismissed as nullities ab initio because they were filed solely in the names of deceased plaintiffs. For the reasons set forth below, the Court will grant the motions for summary judgment and dismiss the cases.

**I. FACTS**

Each of the three cases was transferred from the United States District Court for the Northern District of Ohio to the

United States District Court for the Eastern District of Pennsylvania, where they became part of the MDL-875 MARDOC docket. As stated, each of the cases involves the same factual peculiarity which allows the motions to be ruled upon as a group: the Plaintiffs were deceased when the cases were filed on their behalf. Later, counsel filed amended complaints, substituting personal representatives for the deceased Plaintiffs. Specifically:

1. Destasio died on August 4, 1999 in Toms River, New Jersey and a complaint was filed on his behalf in Detroit, Michigan on December 14, 1999. On September 20, 2002, an amended complaint was filed, substituting lawyers as the named plaintiffs and administrators of Destasio's estate.

2. Schindler diedon April 20, 1988 in North Carolina and a complaint was filed on his behalf in Detroit, Michigan on May 2, 1988. On October 2, 1990, an amended complaint was filed, substituting a lawyer as the named plaintiff and administrator of Schindler's estate.

3. Dilbert died on May 6, 1988 in New York and a complaint was filed on his behalf on May 7, 1988. On February 2, 1989, an amended complaint was filed, substituting a lawyer as the named plaintiff and administrator of Dilbert's estate.

The complaints contend that the deceased were exposed to asbestos while working aboard various ships and that they developed asbestos-related diseases from the exposure. As a result, the Plaintiffs asserted claims against the Defendants for unseaworthiness under general maritime law and negligence under the Jones Act.

## II. Legal Standard

Due to the allegations that the deceased were exposed to asbestos aboard various ships, both the locality and connection tests are met and maritime law applies to the substantive and procedural issues raised in these cases. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011).

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y.

& N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**III. Discussion**

As mentioned, in each of these cases the only plaintiffs named in the original complaints died before the complaints were filed on their behalf. The Defendants contend that because a deceased individual has no legal existence, a suit brought in his name is a nullity. See Adelsberger v. United States, 58 Fed. Cl. 616, 618 (2003) (providing that because "a party must have a legal existence as a prerequisite to having the capacity to sue or be sued" and a "person who dies prior to filing suit is not a legal entity," an action filed solely on behalf of the deceased "is a nullity").

Moreover, the Defendants assert that because such an action is null ab initio and does not exist in the eyes of the court, the complaint may not be amended. See In re Engle Cases, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *4 (M.D. Fla. Jan. 22, 2013) aff'd, 767 F.3d 1082 (11th Cir. 2014) (providing that "a personal injury suit cannot be commenced by a dead person and

thus, these claims are nullities that must be dismissed. As such, no substitution or amendment can save these claims"); Banakus v. United Aircraft Corp., 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (providing that because an action brought by a deceased individual is "void at its inception, there were no claims capable of amendment").

On the other hand, the Plaintiffs assert that pursuant to Federal Rule of Civil Procedure 17(a)(3), "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). In these three cases, the Plaintiffs contend that since the original complaints have been amended and personal representatives substituted as the plaintiffs and real parties in interest, the cases may not now be dismissed. See Esposito v. United States, 368 F.3d 1271, 1277-78 (10th Cir. 2004) (holding that despite a deceased plaintiff's lack of capacity, a wrongful death complaint brought in his name could be amended and a personal representative substituted as plaintiff under Rule 17); Hatcher v. Labrum, No. CIV. A. 85-4924, 1986 WL 6862, at *2 (E.D. Pa. June 18, 1986) (relying on Rule 17 to allow an administrator to be substituted for the plaintiff who died nine months before the complaint was filed).

The Plaintiffs also argue that even if the deceased lacked capacity to sue under Federal Rule of Civil Procedure 17(b), that fact is no bar to bringing the suit. In Esposito, the Tenth Circuit Court of Appeals noted that "nothing in Rule 17(a) requires that the original plaintiff have capacity to sue." Id. at 1277.

The Plaintiffs explain that at the time the amended complaints were filed, they superseded the original complaints and related back to the original filing dates. See Fed. R. Civ. P. 17(a)(3) (providing that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest"). As a result, they claim that any defects in the original complaints were cured by the amended complaints and that the Defendants may not now challenge an alleged deficiency found only in the original complaint. See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (recounting that "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit"); 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1476 (3d ed. 1998) (providing that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading"). In the case of Dilbert, the

Plaintiffs further assert that the relevant defendant, United Fruit Company, was not even added as a party until the amended complaint was filed. Thus, they contend that United Fruit was never sued by a deceased individual.

The Court agrees with the Defendants that the threshold issue is one of legal existence rather than capacity to sue. The problem with Plaintiffs' arguments regarding Rule 17 and the two cases cited by them is that they focus on capacity to sue rather than the threshold question of legal existence.[1] See Roby v. Corp. of Lloyd's, 796 F. Supp. 103, 110 (S.D.N.Y. 1992) aff'd, 996 F.2d 1353 (2d Cir. 1993) (concluding that "[c]apacity to be sued and legal existence are separate and distinct concepts. Both capacity to be sued and legal existence are prerequisites to the suability of an entity, but Rule 17(b) speaks only to capacity to sue or be sued"); see also Garlock Sealing Tech., LLC v. Pittman, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *5 (Miss. Oct. 14, 2010) (providing that pursuant to Mississippi Rule 17, which mirrors the federal rule, "capacity is not really the issue in a case like the one before us [where the plaintiff died before the complaint was filed]. 'Capacity to

[1] Moreover, Esposito, cited by the Plaintiffs in support of their Rule 17 argument, was brought as a wrongful death case rather than a personal injury case. 368 F.3d at 1272. The court in Esposito found this fact important as does this Court in distinguishing it from the present personal injury cases. Id. at 1277-78.

sue' relates to a party's right to litigate." "Our concern, rather, is a distinct but closely related concept: legal existence. Legal existence is a basic threshold; it serves as a prerequisite for having capacity to sue") (internal citations omitted). The Court finds that these suits are nullities ab initio due to the deceased Plaintiffs' lack of legal existence, thus, Rule 17 never becomes relevant. As mentioned earlier, Rule 17 only contemplates the capacity to sue, not the pre-requisite of legal existence. Roby, 796 F. Supp. at 110.

Analyzing the wording of the rule reinforces its inapplicability. Rule 17 describes dismissing an "action," however, here, there are no legitimate actions to dismiss. Fed. R. Civ. P. 17(a)(3); Adelsberger, 58 Fed. Cl. at 618 (providing that "[t]he question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no'"). Moreover, in determining capacity to sue, Rule 17 provides that the law of the individual's domicile controls. Fed. R. Civ. P. 17(b). However, it is not even clear whether a deceased person has a domicile for this purpose in that the deceased does not "live" anywhere and cannot regard anywhere as home. See Adelsberger, 58 Fed. Cl. at 618 n.2 (questioning whether the dead have domiciles). Rule 17 only becomes relevant if the plaintiff has surmounted the pre-requisite of presently existing. See Garlock Sealing Tech.,

2010 WL 4009151, at *5 (providing that Rule 17 "takes for granted or presumes that a valid 'action' exists" and that no "'action' exists where the original complaint is filed by a dead person").

Because the original complaints in these cases do not exist in a legal sense, they may not be amended nor may plaintiffs be substituted. Banakus, 290 F. Supp. at 260 (providing that an action filed by a deceased person "must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint"). Thus, we disagree with the Plaintiffs that their amended complaints, filed before the Defendants raised this issue, cured the defect. In that there are no valid complaints to amend - by either adding claims or parties - the amended complaints are as null as the originals. The only way that the Plaintiffs could have rectified the issue was to file new suits within the statute of limitations period. Similarly, there is nothing to which the amended complaints can relate back. The original complaints do not legally exist. See In re Engle Cases, 2013 WL 8115442, at *4 (providing that suits brought by the deceased are nullities and "no substitution or amendment can save these claims"); Garlock Sealing Tech., 2010 WL 4009151, at *6 (providing that "we find further that an amended complaint cannot relate back to an original complaint that was a nullity").

The Court finds that since the deceased Plaintiffs had no legal existence when their complaints were filed, their suits are nullities with no legal effect. In re Engle Cases, 2013 WL 8115442, at *1; Adelsberger, 58 Fed. Cl. at 618; Bankakus, 290 F. Supp. at 259-60. Moreover, the majority of federal and state courts that have considered the issue agree that an action filed in the name of a pre-deceased plaintiff is not viable. See e.g. In re Engle Cases, 767 F.3d 1082 (11th Cir. 2014) (affirming the district court's order to dismiss over 500 cases that were filed on behalf of purportedly living - but actually deceased - smokers); In re Aredia & Zometa Prods. Liab. Litig., No. 3-06-MD-1760, 2012 WL 2015791, at * 1-2 (M.D. Tenn. June 5, 2012) (applying Connecticut law) (dismissing the action for lack of jurisdiction where the plaintiff died one day before the complaint was filed); Campbell v. Travelers Ins., No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) (finding that "[t]he deceased plaintiffs [were] not proper party plaintiffs," and that Rule 25 is not applicable when the "deceased party pre-deceased the initiation of the litigation") (citing Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969)); Adelsberger, 58 Fed. Cl. at 618; Banakus, 290 F. Supp. at 259-260; Pasos v. Eastern S.S. Co., 9 F.R.D. 279, 281-82 (D. Del. 1949) (concluding that a person who dies prior to filing suit is not a legal entity); Garlock Sealing Tech., 2010 WL 4009151, at *3-6;

McCormick v. Illinois Cent. R.R. Co., No. W2008-00902-COA-R9-CV, 2009 WL 1392575, at *1, 4 (Tenn. Ct. App. May 19, 2009) (holding that a suit commenced in the name of a deceased person is a nullity that may not be avoided by substitution); Williams v. Travelers Prop. & Cas. of Am., No. CV044003632S, 2007 WL 1299245, at *1 (Conn. Super. Ct. Apr. 13, 2007) (holding that a plaintiff who died before the complaint was filed had no legal existence and refusing to substitute the plaintiff); Levering v. Riverside Methodist Hosp., 2 Ohio App. 3d 157, 159, 441 N.E.2d 290, 291 (1981) (providing that "the complaint in this case was a nullity because there was no party-plaintiff, the named plaintiff having been deceased prior to the filing of the complaint").

**IV. Conclusion**

For the reasons provided above, this Court concludes, as have other courts before it, that the complaints filed on behalf of the three deceased Plaintiffs are null ab initio and cannot be amended to rectify the fatal flaw. As a result, the Court grants summary judgment in favor of the Defendants and dismisses the cases.

An appropriate Order follows.